[L. A. No. 6591. In Bank.—June 23, 1921.]

## SARAH E. COOPER et al., Appellants, v. FRANCES E BUXTON, Respondent.

[1] LAND TITLE LAW—SETTING ASIDE DECREE OF REGISTRATION—TIME LIMITATION—CONSTRUCTION OF TORRENS ACT.—An action to set aside a decree of registration of title under the Land Title Law, or Torrens Act, on the ground of mistake, must, in view of section 45 of such act, be brought within one year after such registration, and the provisions of subdivision 4 of section 338 of the Code of Civil Procedure that an action for relief on the ground of mistake may be brought at any time within three years after the discovery of the mistake are inapplicable to such an action.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

George A. Skinner and Wheaton A. Gray for Appellants.

George E. McCaughan and Philip N. McCaughan for Respondent.

OLNEY, J.—This is an appeal by the plaintiffs from a judgment rendered against them upon demurrer to their complaint. The complaint is somewhat long, but the facts shown by it material for a decision of the case may be rather briefly stated.

One Buxton died possessed of certain real estate. The defendant is his surviving wife and the plaintiffs are his children by a former marriage. Not very long before his death he had caused his real estate to be registered under the "Land Title Law," or Torrens Act. (Stats. 1915, p. 1932, Deering's Gen. Laws, Act 1049.) His wife, the defendant, joined him in the application. The application alleged the property to be community property, the court in the registration proceedings found it was community property, and it was registered as such. By Buxton's will the real estate, or his disposable interest in it, was devised to the plaintiffs. If it were community property, only one-half was subject to his testamentary disposition, and the defend-

ant, as the surviving spouse, would take the other half. On the other hand, if it were separate property, it was all subject to testamentary disposition and passed to the plaintiffs by the will. The complaint alleges that the property was in fact separate property, so that it passed to them, but that the defendant, in reliance upon the registration decree, claims one-half of it as community property.

We need hardly say that by the terms of the Torrens Act—whose validity and operation in this respect are not questioned—the registration decree, as long as it stands, is a conclusive adjudication *in rem* that the property was community property. To meet this situation, the complaint seeks to have the decree set aside on the ground of mistake, alleging that the allegations of the application for registration to the effect that the lands were community property were made through mistake, inadvertence, and ignorance of the legal consequences on the part both of Buxton and his wife, and that, induced by these allegations, the court made the decree in question. The vital point in the case then is, May the registration decree be set aside upon the facts alleged?

It is exceedingly doubtful if the allegations as to mistake are sufficient to make out a case for setting aside a judgment. [1] But, assuming that they are, it would seem plain that in view of the further fact that the action was not brought until more than a year after the registration, the action cannot be maintained under section 45 of the Torrens Act. The section reads:

"No person shall commence any action at law or in equity for the recovery of land, or assert any interest or right in, or lien or demand upon the same, or make entry thereon adversely to the title or interest certified in the first certificate bringing the land under the operation of this act after one year following the first registration. It shall not be an exception to this rule that the person entitled to bring the action or make the entry is deceased, an infant, lunatic, or is under any disability, but action may be brought by such person by his next friend or guardian or by the administrator or the executor of a deceased person. It shall be the duty of the guardian, if there is any, to bring action in the name of his ward whenever it is necessary to preserve or enforce the ward's rights in registered land; provided, however,

before such action shall proceed, it must be made to appear to the court that the person bringing such action or those under whom he claims, had no actual notice of the proceedings to register such lands in time to appear and file his objections or assert his claim. The provisions of this section shall in no way affect or disturb the rights of any person in said land, acquired subsequent to the registration thereof, *bona fide* and without knowledge and for a valuable consideration.''

The answer which plaintiffs' counsel make to the asserted application of this section is that it does not operate to repeal subdivision 4 of section 338 of the Code of Civil Procedure, which provides that an action for relief on the ground of mistake may be brought at any time within three years after the discovery of the mistake, and that there is no inconsistency between the code section and the section of the Torrens Act. There is, of course, an inconsistency between them, if the section of the act were intended to apply to an action to set aside a registration decree, and if such were the intention, the section of the act must prevail over the general provision of the code. The real question, as we view it, is whether or not the section was intended to apply to an action to set aside a registration decree as distinguished from an action for the recovery of the land or the assertion of some interest in it independently of the decree.

It will be noted that by its terms the section of the act applies to actions for the recovery of the property or the assertion of some interest in it, and makes no mention of actions directly attacking the registration decree. Nevertheless, when the nature and effect of the decree are considered, we see no escape from the conclusion that the section was intended to apply to actions of the latter character, that, in fact, it must apply to such actions if it is to be given any meaning at all. The registration decree is a judgment *in rem,* binding on all the world, and by section 34 of the act is made conclusive on every interest or claim in the property other than certain minor interests not material here. Its conclusive character in this respect does not wait upon the expiration of a year or any other period of time. It attaches with the decree becoming final. After that time no action can be maintained to recover the land or to assert an interest in it contrary to the decree. The decree must

be first set aside before there can be any such recovery or assertion of interest. In other words, after the registration decree has become final, the only action by which the land can be recovered or an interest in it asserted except under the decree is an action such as the present wherein it is sought to set aside the decree and then establish the asserted right to the land or to an interest in it. The section providing a limitation of one year must, therefore, apply to such actions since it can apply to no other.

It is also worthy of note in this connection that an action to set aside a deed or other muniment of title to land on the ground of fraud or mistake and thereupon to recover possession of the land has been held to be an action to recover real property, so that the period of limitation prescribed for such actions applies to it. (See *Murphy* v. *Crowley*, 140 Cal. 141, [73 Pac. 820], and cases there cited.) If this be true, it would seem that the present action is also one to recover the property (and certainly that is its final object), so that it would come within the express enumeration by section 45 of the actions which must be brought within a year of registration.

It is also to be noted that while the act places such a brief limitation upon the time within which a registration decree may be set aside, it endeavors to provide by section 105 for relief in another manner to persons who have been unjustly deprived of their property by the decree, such other manner being by the way of compensation from the "assurance fund" created by the act, and that here the period of limitation is four years after the right of action accrues. In view of the general purpose of the act to make the registration decree conclusive and to facilitate transfers of real estate by making reliance upon the decree wholly safe, we think the inference is strong that it was intended that the decree should not be set aside after the brief period of a year, but that for any injustice worked by it, the persons injured must then look to the different relief provided by section 105.

It is also to be noted that the one exception which the statute makes to the conclusive nature of the decree is the case of fraud, that this exception repeatedly appears in the statute, and that it is always confined to fraud alone and never includes mistake. If there be any exception to the operation of section 45, it would seem to be only the case of

fraud, and the failure of the statute to unite with it the companion case of mistake would seem to indicate that it was not intended that it should be an exception.

Judgment affirmed.

Shaw, J., Wilbur, J., Angellotti, C. J., Sloane, J., Lennon, J., and Lawlor, J., concurred.