The foregoing cases were consolidated and tried as one case. Kate Barnard Morse, defendant in the one case and petitioner in the other, appeals from the "judgment and interlocutory decree" and from an order requiring her to sign and acknowledge a certain map and plat.
On November 10, 1916, application No. 6, in L. R. No. 112, was filed by Mrs. Morse. That was an application for the registration of her title to two parcels of land, being respectively, the south half and the north half of lot 1 in Howell's subdivision, in the county of Los Angeles, as per map recorded in book 23, page 92, miscellaneous records *Page 593 
of said county, excepting a twenty-foot strip on the north side of said first parcel and a twenty-foot strip, on the south side of the second, for road purposes. In each description in the petition it is stated that the easterly line of said lot is parallel with and twenty feet westerly from the center line of Marengo Avenue. According to the map of Howell's subdivision as recorded, lot 1 is a rectangle measuring 550 feet on the east and west lines thereof and 198 feet on the north and south lines. Said petition alleged that the owners of the land adjoining said lot on the west are Ida M. Reynolds, Julia B. Reynolds, and Kirke W. Reynolds. Marie Reynolds is the wife of Kirke W. Reynolds. The statutory notice was personally served upon each and all of the respondents Reynolds. The notice contained the same description of property claimed as in the petition. The parties served having failed to appear, and their default having been duly entered, the matter was heard by the court. On March 7, 1917, a decree granting said petition for registration was entered and a certified copy thereof filed with the registrar of Los Angeles County. Thereupon the registrar issued to applicant Morse certificates of title, respectively numbered 1464 and 1465, declaring her to be the owner of the lands described. The descriptions contained in the decree and certificates were the same as in the petition and notice.
On September 28, 1917, the registrar of titles filed with the court in said matter a request for instructions under section 99 of the land title law. He certified that there had been presented to him a request from Mrs. Morse, registered owner of the properties described upon certificates numbered 1464 and 1465, the request being that the registrar cancel said certificates and issue in lieu thereof new certificates covering the same property, but described as lot A of tract 2904, as per recorded map thereof, and lot A of tract 2985, as per recorded map thereof. The registrar, being in doubt as to his authority to grant such request, asked the court for instructions. On the same day, and without notice, the court ordered that the registrar cancel certificates 1464 and 1465 and issue in lieu thereof new certificates covering the same property. Thereupon certificates numbered 2958 and 2959 were issued in accordance with the request so made and the order of the court. *Page 594 
Thereafter, on the twenty-ninth day of October, 1917, the petitioners Reynolds filed a petition, being application No. 25 of L. R. 171, requesting registration of their title to property therein described, located in said Howell's subdivision. The land so described adjoins lot 1 on the west and includes the west 5 feet of lot 1 as described in the decree of March 7, 1917, if, according to that description, each of said parcels in lot 1 measures 198 feet on the north and south lines thereof.
Thereafter the said parties Reynolds filed an application for a supplementary decree in L. R. No. 112. Referring to the application of Mrs. Morse, in No. 112, they alleged that the notice served upon them in that proceeding made no reference whatever to lot No. 2 of said subdivision (lot 2 being the lot next west of lot 1), nor to the westerly line of said lot 1; that they made no answer or objections to said registration because no part of lot 2 was described in the notice. They further alleged "That thereafter, and without the knowledge or consent of these defendants, and without any notice to them, or any of them, the said Kate Barnard Morse registered portions of lot 1 and also the easterly five feet of said lot 2 of said subdivision, which said lot 2 is the property of these defendants; that the said registration of the easterly five feet of said lot 2 of the said subdivision was obtained through a supplementary decree of this court no notice of the application for which supplemental decree was given to these defendants and the description in said supplemental decree described the property registered therein as lot 'A' of Tract Number 2985, and lot 'A' of Tract Number 2904. That the court had no jurisdiction over the said westerly 5 feet in said proceeding, land registration number 112, for the reason that said 5 feet were not included in the petition and in the notice of said proceeding."
"As a further ground for reopening the decree in land registration 112 and for canceling the registration of said five feet in said proceeding," further facts were stated to the effect that the true line between lots 1 and 2 had been agreed upon between the parties in interest several years prior to the filing of these petitions. It was further claimed in this petition for reopening the decree that at the time the notice was served upon them, the parties Reynolds were *Page 595 
assured "by the representative of the said Kate Barnard Morse" that their rights up to the boundary line as agreed would be fully protected and would not be disturbed in the proceedings. It was further alleged that Mrs. Morse falsely testified at the hearing of said application that she was in possession of said five feet and had been in possession thereof for five years prior to the filing of her application; and had further falsely testified and by other means falsely represented to the court that tracts 2985 and 2904 included only the land described in her original petition and in the notice given.
To the foregoing petition for supplemental decree Mrs. Morse demurred on the ground that the petition did not state facts sufficient for granting the relief demanded or for reopening said cause or for granting a supplemental decree therein. The demurrer was overruled. A motion to strike out the petition on the grounds stated, including the ground that there is no authority of law for reopening a decree or for granting a supplemental decree, was also made by Mrs. Morse, which motion was denied. Thereafter, upon answer duly filed by Mrs. Morse, the matter was tried and determined, such trial resulting in the decree and order from which Mrs. Morse has appealed.
We are satisfied that the description of the land claimed by Mrs. Morse, as contained in the decree of March, 1917, covers the five-foot strip which is the real subject of dispute in this proceeding. The eastern line of lot 1 was definitely described as being twenty feet west of the center line of Marengo Avenue. The east and west lines of the two parcels claimed were each and all shown to be 198 feet, according to the recorded map referred to in the petition, notice and the decree. The decree of registration therefore established the western boundary of lot 1 as definitely as if the boundaries of the parcels had been completely run by courses and distances.
For the purposes of the appeal we may disregard the substituted certificates issued to Mrs. Morse under the instructions given by the court to the registrar. If those substituted certificates described exactly the same property as do the first certificates, the adverse parties are not injured thereby. If the substituted certificates include other land than that described in the original certificates and as to *Page 596 
such additional land were void for want of notice to the adverse parties, nevertheless Mrs. Morse would retain whatever rights she obtained by the original decree and the certificates issued thereon. The question to be determined is whether or not the court had jurisdiction authorizing it, at the instance of the parties Reynolds, to reopen the decree of March 7, 1917, and modify or set aside that decree.
The original petition of Mrs. Morse in application No. 6 asked to have the described land "brought under the operation of the act adopted by the people of the state of California at a general election held November 3, 1914, entitled 'An Act to amend an Act entitled, "An Act for the Certification of Land Titles, and the Simplification of the Transfer of Real Estate," approved March 17th, 1897' "; and that she be decreed to be the owner in fee of the described property claimed by her. This initiative act of 1914, as printed in Statutes 1915, page 1932, and as published in Deering's General Laws (ed. of 1915, "Act 1049"), contains no title. Neither does the act in its text contain any reference to the act of March 17, 1897. Since no point or argument has been made herein having reference to the title of the act of 1914, we shall assume that the title of the act as submitted to the people was in the form hereinabove quoted, and that the provisions of law upon which we must rely are fully contained in the initiative act of 1914 as published.
In the decree of March 7, 1917, it was adjudged that the title of Mrs. Morse be forever quieted as to the land found to belong to her, "and this decree shall be final and conclusive as against the rights of all persons or parties, known and unknown, to assert any estate, interest, lien, claim, or demand of any kind or nature whatsoever against said land, or any part thereof, except only as hereinbefore found and as in said act provided." This was in conformity with sections 15, 16, and 34 of the Land Title Act, which provide what the decree shall contain and declare the effect of the decree and certificate of registration. Section 16 reads as follows: "A decree of the court ordering registration shall be in the nature of a decreein rem, shall forever quiet the title to the land therein ordered registered and shall be final and conclusive as against the rights of all persons, known and unknown, to assert any estate, interest, *Page 597 
claim, lien or demand of any kind or nature whatsoever, against the land so ordered registered or any part thereof, except only as in this act provided."
[1] As counsel for respondents did not see fit to file any brief or make any argument herein, we are deprived of any suggestion which they might have made to justify the judgment and order from which these appeals are presented. Apparently the position of appellant is correct and should be sustained. We know of no reason why, in a special proceeding of this character, the power of the court to set aside or vacate its judgment should not be limited as in other cases. Outside of the ordinary proceedings for obtaining a new trial in an action, the trial court has no power to set aside or vacate on motion any judgment not void upon its face, unless the motion be made upon the grounds and within the time limited by section473 of the Code of Civil Procedure. (People v.Davis, 143 Cal. 673, [77 P. 651];People v. Temple, 103 Cal. 447, [37 P. 414].) The application for supplemental decree herein was not made by respondents within six months from the entry of the decree and therefore was too late to be within the terms of said section473 By section 45 of the Land Title Act the right of any person to commence any action at law or in equity adversely to the title or interest certified in the first certificate bringing land under the operation of the act is limited to one year following the first registration. Nevertheless, it has been held that after the registration decree has become final the only action by which the land can be recovered, or an interest in it asserted except under the decree, is an action wherein it is sought to set aside the decree and then establish the asserted right to the land, or to an interest in it. (Cooper v. Buxton, 186 Cal. 330, [199 P. 35].) In that decision it was further stated: "It is also to be noted that the one exception which the statute makes to the conclusive nature of the decree is the case of fraud, that this exception repeatedly appears in the statute, and that it is always confined to fraud alone and never includes mistake. If there be any exception to the operation of section 45, it would seem to be only the case of fraud, and the failure of the statute to unite with it the companion case of *Page 598 
mistake would seem to indicate that it was not intended that it should be an exception."
Assuming, without deciding, that the petition of respondents Reynolds might be considered in the light of a suit in equity to set aside the decree and that the allegations therein contained constituted a sufficient charge of fraud to sustain the petition against the demurrer of Mrs. Morse, the findings do not confirm the truth of those allegations. Finding 6 states: "That the court at the time it signed the order including said five feet was led to believe that tracts 2985 and 2904 included only the land described in the original petition of said Kate Barnard Morse and in the notice approved by the court in said application, whereas, in truth and in fact, said tracts contained said additional five feet." That the court was "led to believe" the stated fact is far from a finding that such belief was the result of any fraud, deceit, or false testimony of appellant. This finding declares nothing more than that for some reason the court was mistaken in its belief, but, as stated in Cooper v. Buxton, supra, the conclusive nature of the decree is not affected by mere mistake.
Again, we find in section 98 of the said land title law certain provisions for "an order correcting or altering any certificate to comply with the true facts as shown by the petition and proof adduced," and that the court should have jurisdiction to hear and determine the petition after notice to all parties in interest. But it is further stated that "the provisions of this section shall not give the court authority to open the original decree of registration."
Appellants further claim that for sundry reasons set forth in their brief the court erred in its order requiring appellant to sign the map; that the decree deprives appellant of all property; that in various particulars the findings are not sustained by the evidence, and that appellant is equitably entitled to the property originally registered by her. We deem it unnecessary to enter into a discussion of these matters, since at all events we are of the opinion that for reasons hereinabove stated the court exceeded its jurisdiction in the matter.
The judgment and order are reversed.
Shaw, J., and James, J., concurred. *Page 599