[Civ. No. 3899. Second Appellate District, Division One.—June 19, 1922.]

ELON G. GALUSHA, Appellant, v. CORA D. MESERVE et al., Respondents.

[1] TRUST DEEDS—NOTICE OF SALE—SUFFICIENCY OF PUBLICATION.—Where a trust deed provides that notice of sale thereunder shall be published "at least once a week for eight consecutive weeks," that provision is complied with by the publication of notice at regular weekly intervals and the holding of the sale after the elapse of fifty-six days, excluding the day of sale but including the day of first publication.

[2] ID. — CORPORATION AS TRUSTEE — ACTION THROUGH DIRECTORS. — Where corporate action through the board of directors is necessary to authorize the sale under a deed of trust in which the corporation is named as trustee, in an action to set aside a sale by such trustee, such corporate action may be implied by the recitals contained in the original notice and the corporate seal affixed thereto.

[3] ID.—POSTPONEMENT OF SALE BY CORPORATE OFFICER.—The postponement of the sale under a deed of trust, in which a corporation is trustee, is a routine matter appropriately conducted by the officer of the corporation through whom the sale is made.

[4] ID.—DEFAULT—REQUEST BY DEBTOR FOR EXTENSION—OBLIGATION TO POSTPONE SALE.—The creditor having become entitled to en-force payment of the note which the deed of trust was given to

secure, the fact that at the time of the trustee's sale the debtor informed the trustee that he was making arrangements to obtain the money with which to pay the debt did not obligate the trustee to grant a postponement of the sale.

[5] ID.—SECTION 2924, CIVIL CODE—EFFECTIVE DATE.—Section 2924 of the Civil Code, as amended in 1917 to require recordation in the office of the county recorder of a notice of breach and election to sell, applies only to instruments made after that amendment became effective.

[6] ID.—NOTICE OF INTEREST DUE—DEFAULT—ELECTION TO DECLARE PRINCIPAL AND INTEREST DUE—WAIVER.—Where a promissory note and the deed of trust securing it give the creditor the right, "without notice," to elect to declare the whole sum of principal and interest due and payable upon a default in the payment of interest, the fact that prior to a given interest due date the bank in which the note was placed for collection notified the debtor that a stated amount of interest would be due and payable at the bank on that date was not a waiver by the creditor of the right to elect to declare the whole sum of principal and interest due and payable on default in the payment of that interest.

[7] ID.—CONVEYANCE TO TRUSTEE—SALE UPON DEFAULT—FORECLOSURE AND SALE—REDEMPTION.—A trust deed, running not to the creditor but to a third party as trustee, and providing upon default that the trustee shall sell, is not a mortgage, on which a suit for foreclosure and sale will lie, and there is no equity of redemption to foreclose.

APPEAL from a judgment of the Superior Court of Los Angeles County. John M. York, Judge. Affirmed.

The facts are stated in the opinion of the court.

Alpheus G. Reily for Appellant.

E. W. Sargent, E. J. Vaughn and G. B. Colby for Respondents.

CONREY, P. J.—Action to obtain a decree declaring void a purported sale of real property by a trustee under a trust deed; to set aside the sale and permit the plaintiff to redeem. Judgment in favor of the defendants. The plaintiff appeals.

The deed of trust was made by the plaintiff to Title Guarantee and Trust Company, a corporation, to secure the payment of a stated indebtedness to the defendant Cora D. Meserve. It was provided therein that on default in

payment, the trustee was empowered to sell the property "in order to accomplish the objects of these trusts, in the manner following, namely: The party of the second part, or its successors or assigns, shall first publish notice of the time and place of such sale, with a description of the property to be sold, at least once a week for eight successive weeks, in some newspaper published in the city of and county of Los Angeles, California, and may from time to time, for one day or several days, postpone such sale by publication, by republishing the notice of sale in the same newspaper, with date of the postponement attached thereto, in one issue only, prior to the day of the postponed sale." Default having been made by the plaintiff on a payment due from him, the trustee published notice of sale to be made on December 1, 1917. This publication was made at regular weekly intervals beginning with the sixth day of October. On the first day of December, at the time and place stated in the notice of sale, the sale was, upon request of the plaintiff, postponed to the eighth day of the same month, and notice thereof was published in the manner provided for in the trust deed. On December 8th, in accordance with said postponement and notice thereof, the trustee made sale of the property to the defendant Cora D. Meserve, which sale was followed by a deed of conveyance in due form.

[1] The first point relied upon by appellant is based upon his claim that the publication of notice was not made for fully eight weeks before the advertised date of sale. Therefore he contends that no right of sale existed on the first day of December, that the continuance to December 8th was void, and that the sale was void as in excess of the powers conferred by the deed of trust. It is provided by section 12 of the Code of Civil Procedure and by section 10 of the Civil Code: "The time in which any act provided by law is to be done is computed by excluding the first day and including the last, unless the last day is a holiday, and then it is also excluded." Appellant contends that under this rule for the computation of time, there was no jurisdiction to sell until fifty-six days (eight weeks) had elapsed between the first day of publication and the day of sale, excluding both of those days. There is no merit in this contention. It is not supported by the decision in

*Seccombe* v. *Roe*, 22 Cal. App. 139 [133 Pac. 507], to
which he refers. The trustee's sale in that case took place
on the twenty-second day after the day of first publication
of the notice of sale, whereas the trust deed required pub-
lication at least once a week for four consecutive weeks.
This court held that ''when the stipulation in the deed of
trust was that the publication was to be once a week for
four weeks, it meant four weeks of seven days each, or
that twenty-eight days shall elapse from the date of the
first publication to the date when authority was given to
make the sale, and that a sale made within less than
twenty-eight days from the first publication was without au-
thority upon the part of the trustee.'' But in the present
case the sale was not made within less than fifty-six days
from the first publication. This is made very clear by the
supreme court in *Cosgriff* v. *Election Commrs.*, 151 Cal.
407 [91 Pac. 98], where the rule of computation of a given
period of time which must elapse before the date of a stated
event to occur, is plainly set forth. Having first observed
that under the statute there in question, fractions of days
were not to be considered, and that by consequence ''every
day, and every part of that day is, by this rule, *one day
before* every part of the succeeding day,'' the court said:
''Manifestly, on that theory, the fifth day of November
would be one day before the sixth day of that month, and
not less than one day before, since the number five is one
less than six. So, by counting the consecutive days back-
ward from November 6th, it will be found that October
17th was twenty days, and if twenty days, then not less
than twenty days, before November 6th. This is what is
contemplated by section 12 of the Political Code, declaring
that in computing time by days, the first day is to be
excluded and the last day included. Excluding November
6th, the first day, we find October 17th to be the twentieth
day, or the last day of the period, and as it is to be
included in the count, it must be counted as part of the
period. Thus, it makes the full number of twenty days
before the day of the election, and it cannot be 'less
than twenty days before' that day.'' So in the case at
bar, the trust deed requires that before making the sale the
trustee shall first publish notice ''at least once a week for
eight consecutive weeks.'' Since the sale was noticed for

December 1st that day must be excluded from the computation. November 30th was the first day before December 1st, and October 6th was the fifty-sixth day, which last-mentioned day must be included. There was a publication for eight complete weeks before the day of sale.

[2] We find no merit in the objections to the validity of the deed of conveyance by the trustee, wherein appellant suggests that the published notice of postponement of the sale does not show the corporate seal of the trustee or any resolution of the board of directors of the trustee authorizing such postponement. Assuming, without deciding, that corporate action through the board of directors was necessary to authorize the sale, such action is implied by the recitals contained in the original notice and the corporate seal affixed thereto. [3] The postponement of the sale was a routine matter appropriately conducted by the officer of the corporation through whom the sale was made. "It is no longer held to be necessary that the ordinary every-day transactions of a corporation be evidenced by a writing attested with the corporate seal." (*Smith* v. *Jaccard,* 20 Cal. App. 280, 286 [128 Pac. 1023, 1025].)

[4] The fact that at the time of the sale appellant informed the trustee that he was making arrangements to obtain money with which to pay the debt did not obligate the trustee to grant a further postponement of the sale. The creditor having become entitled to enforce payment of the note, the debtor has no valid ground on which to attack the validity of the sale merely because he was not allowed further time in which to pay his debt.

[5] The court did not err in receiving in evidence the trust deed, thereby overruling the plaintiff's objection that the beneficiary of the trust had not recorded in the office of the county recorder a notice of her election to cause the property to be sold to satisfy the obligation. The amended section 2924 of the Civil Code (Stats. 1917, p. 300), by its terms applies only to instruments made after the amendment became effective; that is to say, after July 27, 1917. The trust deed in this case was made by the plaintiff on March 15, 1917.

[6] Prior to the commencement of the trustee's publication of notice of sale, the creditor had elected to declare the whole sum of principal and interest due and payable

by reason of nonpayment of interest due on September 15, 1917. At least, it is so recited in the trustee's notice of sale, and in the trustee's deed to the purchaser; and the deed of trust made by the plaintiff provided for such election to be declared "without notice." The fact that on September 5, 1917, the bank in which the note was placed for collection notified the plaintiff that the stated amount of interest would be due and payable at the bank on September 15th, was not a waiver of the right to elect to declare the whole sum of principal and interest due and payable on default in the payment of that interest. Appellant makes this claim upon the ground that the interest demanded "overlapped the time of the date first stated for the attempted sale of the property by about fifteen days." Nevertheless, since the payment was not made, the right of election followed as a consequence of the default.

Appellant claims that the deed should have been rejected because at the time of the sale he was within the protection of a moratorium act. As he has not given us a reference to any moratorium act in force at that time, and does not direct our attention to anything in the record showing the contents of the "moratorium affidavit" referred to in his brief, we assume that the point is without merit.

[7] We are unable to agree with the contention of appellant that the trust deed was a mortgage, under which there could be no sale without foreclosure. The instrument is a typical trust deed, running not to the creditor but to a third party as trustee. "It has no feature in common with a mortgage except that it was executed to secure an indebtedness." On such an instrument a suit for foreclosure and sale will not lie, for the contract of the parties is that upon default the trustees shall sell, and there is no equity of redemption to foreclose. (*Koch* v. *Briggs,* 14 Cal. 256 [73 Am. Dec. 651]; *Herbert Kraft Co.* v. *Bryan,* 140 Cal. 73, 80 [73 Pac. 745].) Appellant argues that his contention is sustained by section 60 of the act for the certification of land titles, enacted in 1897. (Stats. 1897, p. 138.) That section reads as follows: "A trust deed in the nature of a mortgage shall be deemed to be a mortgage, and be subject to the same rules as a mortgage." But under the decisions just cited, the trust deed in question

was not an instrument in the nature of a mortgage. Moreover, that act appears to have been superseded by the initiative act covering the same subject, adopted November 3, 1914. (Stats. 1915, p. 1932; Deering's Gen. Laws, 1915 ed., Act 1049; *Sackett* v. *Morse,* 53 Cal. App. 592 [200 Pac. 742, 744]; *Cooper* v. *Buxton,* 186 Cal. 330 [199 Pac. 6].) The section above quoted was omitted from the present law. Sections 67 to 69 of the two acts, which are identical in their terms in these sections, apply only to instruments filed in the registrar's office concerning registered lands.

Numerous other points presented by appellant are omitted from discussion because they depend upon appellant's theory that the notice of sale was insufficient and that the trust deed was a mortgage. The record does not sustain the claim of appellant that the amount due from him was less than the amount stated in the notice of sale, or his further claim that the judgment in this action was entered in a name other than the name of the plaintiff. It is true that the clerk's certificate to the judgment-roll is entitled *"Meserve* v. *Meserve."* But it identifies the judgment by the judgment-book number and page. This judgment as contained in the judgment-roll bears the correct title.

The judgment is affirmed.

Shaw, J., and James, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on July 14, 1922, and a petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on August 17, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* and Myers, J., *pro tem.,* were acting.