[Civ. No. 1709.   Fourth Appellate District.—June 13, 1935.]

BOARD OF PENSION COMMISSIONERS OF THE CITY OF LOS ANGELES (a Municipal Corporation), Respondent, v. FRANKLIN P. HURLBURT, Appellant.

Leland S. Bower and David R. Rubin for Appellant.

Ray L. Chesebro, City Attorney, F. von Schrader, Assistant City Attorney, and Robert J. Stahl, Deputy City Attorney, for Respondent.

BARNARD, P. J.—The plaintiff, on May 6, 1930, purchased a bond which had been issued by the city treasurer of the city of Los Angeles on February 21, 1930, covering a special assessment levied in connection with a street widening proceeding under the Street Opening Act of 1903 (Stats. 1903, p. 376). This bond represented an assessment upon a parcel of land which had been brought under the Land Title Law (Stats. 1915, p. 1932; General Laws, Act 8589) some time prior to April 23, 1926, and before the street proceedings in question were initiated. The defendant purchased this land and on May 21, 1931, there was issued to him by the registrar of titles of Los Angeles County a certificate of title in accordance with the provisions of said Land Title Law. This certificate did not contain any memorial of or reference to the assessment or bond referred to and it is conceded that the clerk of said city had never filed in the regis-

trar's office a notice of the passage of any ordinance, resolution or order in connection with said assessment.

The plaintiff brought this action under section 98 of the Land Title Law, asking that a memorial of said street improvement bond and assessment be made upon such certificate of title. In his answer, the defendant set up the failure of the clerk to comply with section 94 of the Land Title Law and alleged that he had acquired the property for a valuable consideration and without notice of the assessment represented by said street improvement bond. The court found that the clerk had failed to file in the registrar's office the notice provided for in section 94 of the Land Title Act and that the defendant had purchased the land without actual notice of this assessment, but gave judgment for the plaintiff, and this appeal followed.

The appellant maintains that the judgment is erroneous because the notice provision of section 94 is mandatory; that the failure of the clerk to give this notice removes any lien that might otherwise have accrued under the street widening proceeding and renders the assessment and this bond void and unenforceable as against him; that the decision of the court gave no effect to section 94 of the Land Title Act; that said section 94, being special in nature, must be held to be controlling over section 34 (subd. 4) of that act, which is general in nature; and that under section 95 of the act this assessment and bond could not affect his title, acquired before a memorial of the assessment was entered upon the register.

The effect and interpretation of sections 94 and 95 of the Land Title Act were considered in the case of *Rutledge* v. *City of Eureka*, 195 Cal. 404 [234 Pac. 82], and most of what was there said in connection therewith is applicable here. It was there held that the provision for a notice contained in section 94 of the act is directory and not mandatory, and that section 95 of the act does not refer to the notice or memorial provided for in section 94 but refers only to the memorial of statutory or other liens referred to in other sections of the act, the court saying:

"A careful reading of the act discloses that section 95 applies only to the memorial of statutory or other liens elsewhere mentioned in the act and does not apply to the memorial of the passage of the resolution in question which could

not create a lien on property, either registered under the Land Title Law or not so registered.''

In that case the court further said: ''It is provided in section 34 that 'the registered owner of any estate or interest in land brought under this act shall . . . hold the same subject only to such estates, mortgages, liens, charges, and interests as may be noted in the last certificate of title in the registrar's office, and free from all others, except: . . . 4. Any tax or special assessment for which a sale of the land has not been had at the date of the certificate of title.' None of the lands of the appellants has been sold to satisfy the assessment. The exception would indicate that even though a 'tax or special assessment' which had not proceeded to sale be not noted on the last certificate of title in the registrar's office, the registered owner would hold the land subject to such tax or special assessment.''

In the case just referred to a notice of the passage of the resolution, although not filed by the clerk within five days as required by section 94, was filed before the recording of the assessment, although this was not done until after two mortgagees had acquired a lien on the premises. In the case now before us, the rights of a purchaser of the property are involved instead of the rights of a mortgagee, and the notice required to be given by the clerk under section 94 has never been given.

While the appellant had no actual notice of the assessment and bond here in question he had constructive notice under section 20 of the Street Opening Act of 1903, the regularity of the proceeding leading to the assessment and bond not being questioned. Not only did the appellant have this constructive notice but the law authorizing the certificate on which he relies, the Land Title Law, particularly informed him that such an assessment as this was not covered by the certificate. Under section 34 of that act certain things are particularly excepted as not covered by the certificate of title which is issued by the registrar's office, and the fourth of these exceptions covers any tax or special assessment for which a sale of the land has not been had at the date of the certificate of title.

The assessment here in question had not proceeded to a sale of the land and, under the terms of the act, it was excepted from the matters covered by the certificate.     Not

only was this assessment thus excepted, but section 94 of the act does not contain any provision making the existence of such a lien dependent upon the giving of such a notice, a provision which is included in several other sections of the act involving liens which are not excepted from the coverage of the certificate. The giving of this notice by the clerk not being mandatory, the existence of the lien not being dependent upon the giving of the notice, and the entire matter of the assessment being carefully excluded and excepted from the provisions of the certificate of title to be issued, it cannot be held that a failure to file this notice defeats the lien or renders it void. Under the terms of the law authorizing the certificate he received, the burden was upon the appellant to make his own investigation as to the existence of any tax or special assessment which had not culminated in the sale of the land at the date of the certificate. While the filing of such a notice might have better called the matter to his attention, and while the legislature might have added to section 94 a penalty similar in effect to that provided in other sections of the act, we are here concerned only with the section as it is and cannot read into it a provision and effect which is not there. Section 94 can only be given the effect to which it is entitled when read in connection with the rest of the act, which leads inevitably to the conclusion that its provisions are directory only (*Rutledge* v. *City of Eureka, supra*.)

■ The appellant contends that it would be inequitable to permit the respondent to prevail in this action as against him because the respondent is an agency of the city of Los Angeles and the clerk who failed to give the notice was also an agent of that city, under the rule that no one can take advantage of his own wrong. The ownership of this bond, representing this assessment, is an immaterial matter and we are here concerned only with the effect of the certificate of title which the appellant received. If, under the circumstances, it furnished no protection against such a lien it matters not who happens to own the bond.

For the reasons given the judgment is affirmed.

Marks, J., concurred.

Jennings, J., being absent, did not participate in this opinion.