[Civ. No. 15400. Second Dist., Div. One. Oct. 24, 1946.]

GEORGE L. DREXLER et al., Respondents, v. FRANK HUFNAGEL, Appellant.

John J. Craig for Appellant.

T. G. Dalton for Respondents.

YORK, P. J.—The instant action was filed pursuant to section 98 of the Land Title Law (Stats. 1915, p. 1932; 3 Deering's Gen. Laws, Act 8589), which provides that a regis-

tered owner or other person in interest may apply by petition to the superior court upon the ground ''that new interests have arisen or been created which do not appear upon the certificates . . . for an order correcting or altering any certificate to comply with the true facts as shown by the petition and proof adduced and the court shall have jurisdiction to hear and determine the petition after notice to all parties in interest. The court shall issue an order summoning all persons . . . interested . . . to appear . . . and produce their duplicate certificates and show cause why such omissions . . . or change, or alteration, should not be corrected or made.''

From a judgment ordering defendant to produce and deliver his duplicate certificate of title No. HO-70415 upon Lot 26 of Tract No. 2402, in order to permit a memorial of the execution and filing of two grants of easement to be entered upon the original certificate and the duplicate thereof, defendant appeals.

The petition for order to produce duplicate certificate of title alleges that Lot 26 of Tract No. 2402 is registered land; that on January 28, 1939, appellant Frank Hufnagel and his wife, Dorothy Hufnagel, as owners of said Lot 26, executed a grant of easement over the southerly 9 feet thereof to George Knarr and Eugenie Knarr, which said easement was made appurtenant to Lot 116, Hollywood Valley View Tract, both lots situate in the county of Los Angeles; that thereafter, on February 3, 1945, the Knarrs ''transferred, granted and conveyed to petitioners George L. Drexler and Antoinette Drexler, an easement over the said southerly 9 feet of Lot 26 of Tract No. 2402, being the same easement referred to in the grant of January 28, 1939 and which was made appurtenant to Lot 116 of the Hollywood Valley View Tract.

It is further alleged that petitioners (respondents) have demanded that appellant produce his duplicate certificate of title in order that they may file with the registrar of titles the two grants of easement, but that appellant ''refuses and has at all times herein mentioned refused to produce or surrender the said Duplicate Certificate No. HO-70415 to the Registrar of Titles so as to enable the petitioners to file the said instruments and to enable the said Registrar of Titles to enter the proper memorials thereon.''

Appellant here urges that (1) the complaint does not state facts sufficient to constitute a cause of action; and (2) the

instruments sought to be memorialized are so ambiguous, indefinite and uncertain in their terms as to give no notice of the type of easement claimed, and are therefore not entitled to registration.

In connection with his first point, appellant claims the petition is fatally defective for the reason that the first instrument conveying the easement from appellant to the Knarrs not only did not comply with the terms of sections 47, 48, 49, 52, 53, 54, 58 and 60 of the Land Title Law, "but specifically did not comply with section 55 thereof which provides that unless it was filed, no title passed."

Section 55, *supra,* provides that any instrument purporting to transfer, lease or encumber registered land "shall take effect only by way of contract between the parties thereto, and as authority to the registrar to register the transfer, mortgage, lease, charge, or other dealing *upon compliance with the terms of this act.* On the filing of such instrument, the land, estate, interest, or charge shall become transferred, mortgaged, leased, charged, or dealt with according to the purport and terms of the deed, mortgage, lease, or other instrument." (Italics added.)

The instant proceeding was instituted in order to comply with said section 55 and enable the registrar to accept the instruments for filing, because both section 48 and section 60 of the act require that, before the registrar can accept such instruments for filing, appellant's duplicate certificate of title must be surrendered to the registrar. The other sections of the act as to which appellant directs attention have to do with acts to be performed at the time an instrument is presented to the registrar for filing. For example: section 47 requires that "Any instrument offered for filing with the registrar . . . seeking to affect registered land, must have noted thereon a statement of the fact that the land sought to be affected is registered land, with the name of the registered owner and with the number or numbers of the certificate or certificates of the last registration thereof. Otherwise none of said instruments shall be filed, nor shall the same affect the title of the or any part of the land sought to be affected, nor will the same impart any notice thereof to the registered owner or to any person dealing with such land."  As a matter of practice, if an instrument offered for filing does not contain the information required by section 47, it becomes

the duty of the registrar to see that the omission is supplied by an endorsement upon the instrument before he accepts it for filing.

Appellant also urges that "the purported grant of easement under the second document mentioned in Plaintiffs' Petition can . . . be of no effect for it will be seen that the complaint alleged the ownership of plaintiffs to the dominant tenement as of February 6, 1945, whereas the date of the instrument purporting to convey an easement by Knarrs to the Drexlers is February 3, 1945."

Appellant does not deny the execution of the grant of January 28, 1939, conveying an easement to the Knarrs over the southerly 9 feet of Lot 26, Tract No. 2402, but seeks to avoid it upon technical grounds which, as has been pointed out herein, are not available to him. The trial court found that prior to January 28, 1939, the Knarrs were the owners of Lot 116, Hollywood Valley View Tract, and that since February 6, 1945, appellant has been the owner of said Lot 26, and the respondents have been the owners of said Lot 116.

As heretofore stated, the instant proceeding was filed pursuant to section 98 of the Land Title Law, the petition alleging that respondents were the owners of new interests which did not appear on the records in the registrar's office. The allegations of the petition were sufficient under the requirements of said section 98.

Moreover, it is not the province of this proceeding to determine the extent, manner or mode of use of the easement granted by appellant to the Knarrs and subsequently acquired by respondents through the acquisition of the dominant tenement and by express grant from the Knarrs. Suffice to say that the grant of an easement in general terms will ordinarily be construed as creating a general right of way, capable of use in connection with the dominant tenement for all reasonable purposes. (3 Tiffany on Real Property (3d ed.) § 803, p. 322.)

For the reasons stated, the judgment is affirmed.

White, J., concurred.

Doran, J., dissented.