869 F.2d 1326
 In the Matter of the PETITION OF the GOVERNMENT OF GUAM For
The Amendment Certificates of Title To Lots Nos.
453, 450 and 450-1, Agat, Guam.
GOVERNMENT OF GUAM, Plaintiff-Appellee,
v.
Ramon C. CRUZ and Eliza M. Cruz, Defendants-Appellants.
 No. 88-2905.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Jan. 9, 1989.
Decided March 14, 1989.
 
 David A. Mair, Mair, Mair, Hogan & Spade, Agana, Guam, for defendants-appellants.
 Roland Fairfield, Office of the Atty. Gen. of Guam, Agana, Guam, for plaintiff-appellee.
 Appeal from the United States District Court for the District of Guam.
 Before SKOPIL, FARRIS and HALL, Circuit Judges.
 SKOPIL, Circuit Judge:
 
 
 1
 We are presented with a land dispute claim that turns on the interpretation of Guam Civ.Code Sec. 1157.93 (1970). We must determine whether that statute allows parties to relitigate a property boundary dispute when a mistake may have occurred in prior litigation between the same parties. The district court held that section 1157.93 allowed relitigation in this case. We disagree and reverse.
 
 FACTS AND PRIOR PROCEEDINGS
 
 2
 The Government of Guam ("Guam") and Ramon and Eliza Cruz ("Cruz") own adjoining properties. Their respective certificates of title indicate overlapping boundaries. Cruz filed a petition in 1971 to correct one of his certificates. Guam filed an answer and, following a trial on the merits, the superior court granted Cruz's petition. Guam did not appeal. Cruz filed a second action in 1977 seeking to establish title to a different tract. Guam again filed an answer and appeared at trial. During trial, Guam objected to maps which Cruz entered into evidence, but later withdrew its objection. The superior court granted Cruz's petition and issued a land registration decree. Guam appealed the decision to the district court but the appeal was dismissed for want of prosecution.
 
 
 3
 Subsequently, Guam bulldozed and constructed buildings on a portion of the disputed land. When Cruz filed a formal complaint, Guam responded by instituting this proceeding pursuant to section 1157.93 seeking to amend the various certificates of titles. The superior court granted the petition, finding that Guam's title dated back to 1955 and that the subsequent decrees involving Cruz's lots were defective because the maps and descriptions submitted by Cruz during those proceedings were inaccurate. The court found that had Cruz's petition and maps been properly and accurately prepared, Guam would have had notice of the encroachment and the error by the court would have been avoided. The district court affirmed.
 
 DISCUSSION
 
 4
 Section 1157.93, adopted nearly verbatim from the California Land Title Law, 1915 Stat. 1932 (repealed 1955), provides that "[a] registered owner or other person in interest ... may at any time apply by petition to the court, upon the ground ... that any certificate or memorial has been made, entered, endorsed, issued or cancelled by mistake, ... [for a show cause order] why such omission or mistake or change or alteration should not be corrected or made...." The superior court interpreted the term "mistake" to include a mistake made in a prior adjudication. Our review of that interpretation is de novo. Guam v. Yang, 850 F.2d 507, 509 (9th Cir.1988) (en banc). California decisional law is controlling in this case. See Roberto v. Aguon, 519 F.2d 754, 755 (9th Cir.1975).
 
 
 5
 Although under some circumstances a party may use section 1157.93 to correct a certificate issued during a prior registration proceeding, see, e.g., Board of Pension Comm'rs v. Hurlburt, 7 Cal.App.2d 568, 46 P.2d 212, 213 (1935), we agree with Cruz that section 1157.93 does not allow a party to challenge a decision made in a prior registration proceeding in which that party appeared and filed objections. California courts have held that the purpose of its legislation was "to establish a merchantable record title to land in the true owner, and to enable the registration of every tract in such a way that all interests therein may be disclosed by the certificate." Frances Inv. Co. v. Superior Court, 189 Cal. 107, 208 P. 105, 106 (1922). Cruz's litigation established merchantable records of title and disclosed all interest in the disputed land. If Guam disagreed with those judicial decisions, it should have directly appealed or petitioned for new trials within the allotted time. See, e.g., Sackett v. Morse, 53 Cal.App. 592, 200 P. 742, 744 (1921); Cooper v. Buxton, 186 Cal. 330, 199 P. 6, 6-7 (1921). Guam's cited authorities are not to the contrary. Drexler v. Hufnagel, 76 Cal.App.2d 606, 173 P.2d 677, 679 (1946); Hurlburt, 46 P.2d at 213; and In Re Barlow, 89 Cal.App. 787, 265 P. 394, 395-96 (1928), were all actions seeking to correct clerical or surveyor errors. None sought to overturn a prior judicial decision in which adversary parties were accorded the opportunity to present their respective positions.
 
 
 6
 Our decision is firmly supported by the familiar doctrine of res judicata which generally precludes parties from relitigating a final judgment on the merits. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427, 69 L.Ed.2d 103 (1981). Res judicata would apply here because Guam sought to relitigate the same property boundary disputes with the same parties. See Robi v. Five Platters, Inc., 838 F.2d 318, 321-22 (9th Cir.1988) (defining the preclusive effect of a former adjudication). This is true even if the court in the first litigation was wrong in its determinations. See Federated Dep't Stores, 452 U.S. at 398, 101 S.Ct. at 2427 ("Nor are the res judicata consequences of a final, unappealed judgment on the merits altered by the fact that the judgment may have been wrong or rested on a legal principle subsequently overruled in another case.").
 
 
 7
 The trial court found that Guam did not know that Cruz was claiming title to Guam's land because Cruz's maps were inaccurate. Guam was given notice, however, of Cruz's proceedings, filed an appearance, and had full opportunity to review the maps and object if necessary. The issue of the maps' accuracy, and thus the extent of Cruz's claim, therefore could and should have been litigated in the prior proceedings. Interpreting section 1157.93 in light of these res judicata principles, we conclude that the district court erred by affirming the superior court's grant of the government's petition.
 
 
 8
 REVERSED.