999 F.2d 543
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kunihiko MORIOKA, Plaintiff-Appellant,
v.
I & F CORPORATION GUAM, Defendant,
and
Hanil Development Co., Ltd., Defendant-Appellee.
 No. 91-16915.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 15, 1993.
Decided July 23, 1993.
 
 Before FAIRCHILD,* BEEZER AND WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kunihiko Morioka appeals the district court's affirmance of the superior court's summary judgment quieting title in Hanil Development Co. against Morioka's claims to real property. We have jurisdiction under 48 U.S.C. § 1424-3(c), and we affirm.
 
 
 3
 * In August 1988, Morioka agreed to purchase real property for about $21 million. Morioka did not record the agreement, and the transaction was not closed. Five days later, Hanil agreed to buy the property for $19 million. It deposited $100,000 and recorded the agreement. After two months, Morioka filed a notice of lis pendens describing the subject real property and a complaint against the seller and its alleged agent. Hanil was not named as a defendant. Several months later, Hanil performed on the executory contract by paying $9.5 million in cash and financing the remainder through the seller. Over nine months after closing, Morioka amended his complaint to add Hanil as a defendant. Hanil counterclaimed to quiet title and moved for summary judgment. The superior court quieted title in Hanil, and the district court affirmed.
 
 
 4
 The summary judgment as well as the superior court's and district court's interpretations of Guam law are reviewed de novo. In re Petition of Gov't of Guam, 869 F.2d 1326, 1327 (9th Cir.1989); T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 629-30 (9th Cir.1987). Viewing the evidence in the light most favorable to Morioka, we determine whether any genuine issue of material fact must be tried. Fed.R.Civ.P. 56(c); T.W. Elec. Serv., 809 F.2d at 630.
 
 II
 
 5
 Morioka's contention that Guam courts may not develop caselaw construing the Guam civil code lacks merit. In 1933 with some modifications not relevant here, Guam adopted California's civil code. In construing Guam's civil code, we have held that pre-1933 California decisions are "binding," while later California cases are "persuasive." Roberto v. Aguon, 519 F.2d 754, 755 (9th Cir.1975). Roberto made explicit what would have been merely a presumption that Guam adopted California's construction of the civil code along with the statutes. See United States v. Aguon, 851 F.2d 1158, 1164 (9th Cir.1988). A pre-1933 California decision has the same effect in Guam as if it were a Guam decision of the same date. A later California case is persuasive authority that may be adopted by Guam courts. Morta v. Korea Ins. Corp., 840 F.2d 1452, 1459 (9th Cir.1988). Morioka argues only the Guam legislature may alter the effect a "binding" California case has in Guam. Morioka and his attorneys do not attempt to explain what effect a "persuasive" decision might have on Guam courts.
 
 III
 
 6
 Under Guam's race-notice recording statute, Hanil is a bona fide purchaser of the property free of Morioka's claims if Hanil recorded first and paid the full purchase price without actual or constructive notice of Morioka's claims. 21 Guam Code Ann. § 37102 (1989); Davis v. Ward, 41 P. 1010, 1010-11 (Cal.1895). Hanil recorded first, but seller-financing was said not to constitute payment for attaining bona fide purchaser status, and the amended complaint notified Hanil of Morioka's claims when Hanil had paid just half of the purchase price. Davis, 41 P. at 1011.
 
 
 7
 Citing Henry v. Phillips, 124 P. 837 (Cal.1912), Morioka mistakenly asserts that "a buyer is not a bona fide purchaser if he receives notice of a prior interest before completing payments under a land sale contract." Rather, as Henry itself makes clear, "[t]he rule is not absolute or invariable, but depends upon circumstances and is governed by principles of equity and justice." Id. at 839. In any event, the superior and district courts properly relied upon Perry v. O'Donnell, 749 F.2d 1346 (9th Cir.1984), which recognized the trends in California law and held that one who has not paid the full purchase price due on an executory contract may be a bona fide purchaser. Id. at 1351.
 
 
 8
 Uncontested facts show Morioka's dilatory conduct and support quieting title in Hanil. Morioka could have put others on constructive notice by recording his agreement. 21 Guam Code Ann. §§ 37101, 37103. Morioka's notice of lis pendens did not constructively notify Hanil because Hanil's agreement predated the filing of the notice. 21 Guam Code Ann. § 37101. Morioka concedes Hanil had actual notice only after paying $9.5 million and receiving legal title. Morioka had about five months to search the records and notify Hanil before Hanil paid anything more than a deposit on the purchase price. Instead, Morioka allowed Hanil to invest a "substantial sum" and "honestly believe" for over nine months that it had acquired good title. Beach v. Faust, 40 P.2d 822, 823 (Cal.1935). Guam's recording laws protect Hanil's good-faith reliance on ownership of the property.
 
 
 9
 AFFIRMED.
 
 
 
 *
 Hon. Thomas E. Fairchild, Senior Circuit Judge for the United States Court of Appeals for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3